

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

PD-0294-08

EX PARTE FRANK EUGENE WATSON, Appellant

ON DISCRETIONARY REVIEW OF CASE 12-07-00127-CR
OF THE TWELFTH COURT OF APPEALS,
VAN ZANDT COUNTY

*WOMACK, J., filed a dissenting opinion, in which MEYERS and PRICE, JJ., joined.*

The State prosecuted the appellant twice for offenses arising from a single traffic collision. The question is whether the second prosecution violated the Double Jeopardy Clause. I believe that it did, because the State's pleading of the second offense made the first offense a lesser-included offense of the second.

Police officers arrested the appellant at the scene of the collision. They gave him a traffic citation for failure to yield the right-of-way while turning left.[1] They also arrested him for the offense of intoxication assault.[2] The State prosecuted each offense in separate courts.

About six weeks after the arrest, the appellant appeared in a justice court, pleaded no contest to the allegation of failure to yield the right-of-way while turning left, and was placed on deferred-adjudication probation.

About two years later, a grand jury presented an indictment of the appellant in a district court. It alleged that he committed the offense of intoxication assault in that he "did then and there operate a motor vehicle in a public place while intoxicated … and did by reason of such intoxication cause serious bodily injury to another … by accident or mistake, to-wit: *failing to yield the right of way while turning left*, and the defendant did then and there use and exhibit a deadly weapon to-wit: a motor vehicle …."

By this pleading, the State chose to allege the offense it had already prosecuted – failing to yield the right of way while turning left – as an element of the offense it was subsequently prosecuting, thus making it a lesser-included offense. *See Hall v. State*, 225 S.W.3d 524, 535 (Tex. Cr. App. 2007) (the sole test for determining whether a lesser-

---

[1] "To turn left at an intersection or into an alley or private road or driveway, an operator shall yield the right-of-way to a vehicle that is approaching from the opposite direction and that is in the intersection or in such proximity to the intersection as to be an immediate hazard." TRANSP. CODE § 545.152.

[2] "A person commits an offense if the person, by accident or mistake: (1) … while operating a motor vehicle in a public place while intoxicated, by reason of the intoxication causes serious bodily injury to another." PENAL CODE § 49.07(a).

included offense is available in a prosecution is by looking at the allegations of the charging instrument in that prosecution).

When a person has been placed in jeopardy for a lesser-included offense, he may not be placed in jeopardy again for the greater offense. To do so violates the *Blockburger* rule:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determining whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.[3]

It is no answer to say that the State could have alleged acts of "accident or mistake" other than the very one that it had already prosecuted (failing to yield the right of way while turning left). It did allege that act, and its subsequent prosecution on that allegation placed the appellant in jeopardy again for the same offense.

I would hold that the appellant is entitled to habeas-corpus relief from the second prosecution.

Filed May 6, 2009.
Publish.

---

[3] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).